**HIGH EXPOSURE, INC., Petitioner,**

v.

**UNITED STATES DEPARTMENT OF TRANSPORTATION, Federal Aviation Administration, Respondents.**

No. 01–2615.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 18, 2002.

Filed April 29, 2002.

Before NYGAARD and AMBRO, Circuit Judges, and O'NEILL, District Judge.

OPINION OF THE COURT

PER CURIAM.

High Exposure, Inc., petitions for review of an order of the FAA assessing a civil penalty against it in the amount of eleven hundred dollars for violating sections 91.119(a), (b), and 91.13(a) of the Federal Aviation Regulations. See 14 C.F.R. § 91.119(a),(b) (2001); 14 C.F.R. § 91.13 (2001). We have jurisdiction under 49 U.S.C. § 46110(a) (1994). The parties are familiar with the facts and procedural posture underlying this matter; therefore, because we write solely for the benefit of the parties we will proceed directly to High Exposure's contentions.

I.

High Exposure asserts that the ALJ's findings were not supported by substantial evidence. We disagree. While alleging that the ALJ committed numerous errors, at bottom petitioner argues that the evidence was insufficient to show that it operated the aircraft in question below the permissible flight ceiling. In reviewing an appeal from an administrative body, we are bound by the agencies factual findings if supported by substantial evidence. See *Air East, Inc., v. NTSB,* 512 F.2d 1227, 1233 (3d Cir.1975). We have throughly reviewed the record in this case and conclude that the record contains ample evidence that the plane was operated by petitioner, and that the plane flew below the permissible ceiling on the day in question.

For example, in regard to establishing that the plane was in fact operated by petitioner, the ALJ relied on the testimony

of two FAA inspectors who witnessed the plane on the day in question, as well as the testimony of the president of the High Exposure, who admitted that his company's plane was towing a banner in the vicinity on the day in question. Further, there was testimony from the advertising agency to the effect that it contracted with High Exposure to tow the banner, which the FAA inspectors observed on the day in question. With regard to the ALJ's finding that petitioner's plane flew below the permissible ceiling, there was testimony as to the altitude of High Exposure's plane from another pilot who passed the petitioner's plane. Based on the foregoing, we cannot say that the ALJ's findings were not based on substantial evidence. As a result, we will affirm the FAA's Order.